GUSTAVE RENTZ, Respondent, *v.* JAMES N. WELLS' SONS, INC., and MARGARET AND SARAH SWITZER FOUNDATION FOR GIRLS, Appellants, Impleaded with PYRAMID NEGLIGEE COMPANY and Another, Defendants.

First Department, June 22, 1937.

*Leo F. Potts* of counsel [*Daniel Mungall*, attorney], for the appellants.

*John J. McGinty* of counsel [*Jesse Luxenberg*, attorney], for the respondent.

PER CURIAM. The court instructed the jury that if the defendant substituted the wires for the fuses or had constructive knowledge of the substitution it would constitute negligence *per se.* We are of opinion that even if the defendant made the substitution or should have discovered it, the question of negligence should nevertheless have been submitted to the jury as a question of

fact. The jury would have had the right to find that the accident was caused by circumstances so unusual, and the danger so remote, that the substitution of the wires for the fuses did not constitute negligence.

The judgment should be reversed and a new trial granted, with costs to the appellants to abide the event.

Present — MARTIN, P. J., UNTERMYER, DORE, COHN and CALLAHAN, JJ.; DORE, J. I concur in the result. I am also of opinion that under the circumstances disclosed the question of control was also an issue of fact for the jury.

Judgment unanimously reversed and a new trial ordered, with costs to the appellants to abide the event.